838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William WELLONS, Plaintiff-Appellant,
v.
David GARRAGHTY, Warden; Capt. Collins; Sgt. Hill; C.P.
Hawkes, Defendants-Appellees.
 No. 86-7339.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 27, 1987.
Decided: Jan. 14, 1988.
 
 William Wellons, pro se.
 Nelson H.C. Fisher, Office of the Attorney General, for appellees.
 Before WIDENER, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Wellons, a Virginia inmate, appeals the district court's grant of summary judgment to the defendants in his civil rights action, brought under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 On November 12, 1985, Wellons and another inmate were involved in a fight. On November 18, 1985, Wellons and the same inmate were again involved in a fight. On November 18 Wellons was charged with the offense of "fighting with any person." On November 19, Wellons was served with a copy of the charge and informed of his opportunity to call witnesses at his upcoming disciplinary hearing. On that date, Wellons requested that two prison officials, Sergeant Hill and Captain Collins, be available as witnesses on his behalf at the hearing. On November 21, 1985, the Institutional Adjustment Committee ("IAC") held the disciplinary hearing. Sergeant Hill testified at the hearing concerning a prior incident involving Wellons and the other inmate. The chair of the disciplinary hearing, R.L. Early, Jr., did not secure the testimony of Collins because Early felt that Collins had no knowledge of the November 18 incident at issue in the hearing, and that Collins would have given testimony repetitive of Hill's testimony concerning the prior incident between Wellons and the other inmate. The disciplinary committee eventually found Wellons guilty of fighting and sentenced him to ten days in isolation.
 
 
 3
 Wellons alleged four constitutional violations: (1) Hill and Collins failed to protect him from the other inmate's November 18 assault on Wellons; (2) R.L. Early, Jr., the disciplinary committee chair, violated Wellons's due process rights by denying him the opportunity to call Collins as a witness; (3) Early violated Virginia Department of Corrections' Guideline No. 861 by denying Wellons the requested witness; and (4) Wellons was denied due process because the disciplinary committee erroneously convicted him. The district court rejected claim (2) on the basis that the prison disciplinary committee reasonably determined that the testimony of the other witness was unnecessary. It rejected claim (4) on the basis that the committee's decision was based on eyewitness testimony. We agree with the district court's disposition of both allegations. Prison officials must have necessary discretion to keep prison disciplinary hearings within reasonable limits. See Ponte v. Real, --U.S. ----, 53 U.S.L.W. 4549, 4551 (May 20, 1985) (No. 83-1329). Here, the decision to limit testimony was entirely justified. A disciplinary committee's decision passes scrutiny under the due process clause if there is some evidence in the record to support its conclusions. See Superintendent, Massachusetts Correctional Institution v. Hill, --U.S. ----, 53 U.S.L.W. 4778 (June 17, 1985) (No. 84-438). Here, the eyewitness testimony clearly supplied sufficient evidence to support the disciplinary committee's conclusions.
 
 
 4
 To show an Eighth Amendment violation based upon prison officials' failure to protect inmates from violence, inmates must show a pervasive risk of harm from violence, significant mental pain caused by the inmates' fear of harm from violence, and unnecessary and wanton infliction of that pain by deliberate or reckless failure of prison officials to take adequate precautions to reduce the risk of violence. See Shrader v. White, 761 F.2d 975 (4th Cir.1985). Here, Wellons failed to apprise prison officials of the problem and the need for protective measures. Indeed, his remarks might have led reasonable officials to conclude that, from his perspective, there was no problem at all. Accordingly, even assuming that the events at issue constituted more than an isolated incident, his Eighth Amendment claim fails. See Shrader, supra, at 978.
 
 
 5
 Wellons's remaining claim is that the chair of the disciplinary committee violated Guideline No. 861 by refusing to secure a statement from Wellons's desired witness before determining that that testimony of the witness was unnecessary. Assuming that such a violation took place, Wellons has failed to state a constitutional claim. Prison officials may establish procedural guidelines more stringent than those required by the Due Process Clause, but such procedural guidelines do not create protected due process interests. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Thus, a violation of those procedural steps does not constitute a due process violation. See id. Accordingly, that claim also fails.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 7
 AFFIRMED.